# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

MARS ADVERTISING, INC.,

       Plaintiff,

v.                                                                     Case No. 18-12986

SUZANNA BIERWIRTH and
BRAD C. SIMPSON,

       Defendants.
_____/

**ORDER DENYING IN PART DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

On September 24, 2018, Plaintiff Mars Advertising, Inc. filed a complaint alleging that its former employee, Defendant Suzanna Bierwirth, and her husband, Defendant Brad C. Simpson, misappropriated Plaintiff's trade secrets. (Dkt. #1.) That same day, Plaintiff also filed an ex parte motion for a temporary restraining order ("TRO") and an ex parte motion for expedited discovery. (Dkt. #2, 4.) The court ordered Plaintiff to serve Defendants and directed parties to appear for a status conference on September 28, 2018. (Dkt. #7.) As a result of that conference, the court issued a stipulated TRO and order granting expedited discovery. (Dkt. #12,13.) A hearing regarding preliminary injunction was scheduled for October 25, 2018. (Dkt. #14.)

Subsequently, Plaintiff filed a motion to compel and for contempt and sanctions. (Dkt. #15.) The court directed Defendants to respond by October 15, 2018, and they filed "Defendants' Emergency Motion for Temporary Restraining Order and Preliminary Injunction." (Dkt. #16.) For the reasons stated below, the court will deny Defendants'

motion for a TRO and consider the motion for preliminary injunction and other pending motions at the already scheduled hearing.

When evaluating a motion for a TRO, a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65. *Leslie v. Penn Cent. R.R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969) (per curiam) (internal citation omitted). Rule 65 states in relevant part that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). The court balances four factors in considering whether to grant a TRO: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]." *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (internal citation omitted). Because a TRO is a form of emergency relief, the movant must show he would suffer "immediate and irreparable injury, loss, or damage . . . *before* the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(A).

The court has reviewed Defendants' motion, and it finds that the requirements for issuing a TRO are not met. Specifically, the court is unconvinced that Defendants will suffer *irreparable* harm before Plaintiff can be heard in opposition. Accordingly,

IT IS ORDERED that Defendants' motion for temporary restraining order and preliminary injunction is DENIED with respect to the request for a temporary restraining order.

IT IS FURTHER ORDERED that the court will hear argument on the pending motions at the scheduled hearing on **Thursday, October 25, 2018** at **3:30 PM** at the **FEDERAL BUILDING AND U.S. COURTHOUSE, 526 WATER STREET, PORT HURON, MICHIGAN.**

                                                s/Robert H. Cleland              /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: October 11, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 11, 2018, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                 /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-12986.MARS.DenyTRO.2docx.docx