UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARS ADVERTISING, INC.<br>  d/b/a THE MARS AGENCY,<br>    a Michigan Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SUZANNA BIERWIRTH and<br>  BRAD C. SIMPSON,<br><br>    Defendants. | Case No. 2:18-cv-12986-RHC-MKM<br><br>Judge Robert H. Cleland<br>Magistrate Judge Mona K. Majzoub |

**PROTECTIVE ORDER**

This matter having come before the Court upon the consent and stipulation of the parties hereto, and the Court recognizing based on representations of the parties hereto that certain confidential, proprietary and trade secret information, confidential portions of personnel records, and other sensitive information may be produced in discovery in this action, it is hereby ordered as follows:

    1.    This Order shall govern any documents provided to other parties in this litigation, any depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and any other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as any testimony and other materials the disclosing party

properly designates as Confidential Information hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this Lawsuit.

2. The parties agree to designate as Confidential Information those materials and information that they believe in good faith are confidential, including, but not limited to, sensitive personnel records, proprietary business records and medical and other such records, and to use Confidential Information, as follows:

a. In the case of documents, interrogatory answers and responses to requests for admissions, designation shall be made by writing or stamping "CONFIDENTIAL," as appropriate, on any such portion of the document, as may contain such information. A party may designate an entire document as "CONFIDENTIAL," by placing that designation on the cover or first page of that document only if the party accepts responsibility for asserting that the entire document contains such information. The inadvertent failure to designate documents as "CONFIDENTIAL" may be remedied by a supplemental designation that will apply from that point forward.

b. In the case of depositions, designation of such portions of those transcripts (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record during the course of the deposition by counsel for the party which furnished Confidential Information to

which the deponent has had access, or by counsel for the deponent, or in writing, within thirty days of receipt of the transcript of the deposition, stating what portions of the transcript are deemed Confidential Information. The transcript shall remain confidential during such thirty day period.

 c. During discovery, a party furnishing documents and things to another party shall have the option to require that all documents or batches of documents and things be treated as Confidential Information during inspection and to make its designations of particular documents and things pursuant to paragraph (a) of this section at the time copies of documents and things are produced or furnished, if the documents contain such information.

 3. Confidential Information may be disclosed only to a Qualified Person. A "Qualified Person" for purposes of this Order is defined as:

 (A) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

 (B) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

 (C) The Court and its personnel;

(D) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(E) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(F) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action;

(G) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(H) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation).

4. Information and materials produced or discovered in this litigation that is properly designated as Confidential Information under the strict terms of

this Order, shall be used solely for the prosecution or defense of this Lawsuit, unless that information has become publicly available without a breach of the terms of this Order.

5. Qualified Persons shall be provided with a copy of this Protective Order and must agree to comply with same prior to receiving Confidential Information. Qualified Persons who receive any Confidential Information hereby agree to subject themselves to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

6. In the event that any Confidential Information is used in any court proceeding except trial in connection with this Lawsuit, they shall not lose their confidential status through such use, and the parties and the Court shall take all steps reasonably required to protect its confidentiality during such use. A party seeking to protect information during trial must apply to the Court for protection of the material or testimony they seek to protect.

7. Disclosure of Confidential Information to a person other than a "Qualified Person" may occur only upon the prior written consent of the party who produced and designated the information as confidential, or upon the information losing its protected status in accordance with the provisions of this Order, or upon order of the Court.

8. Nothing in this Order shall preclude any party to the Lawsuit or its counsel: (a) from showing a document designated as Confidential Information to an individual who either prepared or reviewed the document prior to the filing of this Lawsuit; or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which that party itself has designated as Confidential Information.

9. In the event that any party to this litigation disagrees with the propriety of a Confidential Information designation, such party shall provide to the producing party within 30 days after such designation, written notice of its disagreement. The parties shall first try to resolve such a dispute in good faith. If the dispute cannot be so resolved, the party disputing the claim of confidentiality may, after such formal written notice, ask the Court to make an independent determination as to whether the disputed information is Confidential Information, as defined above. The information shall be treated as confidential pending a determination of the court.

10. Nothing contained in this Order shall affect the right of any party to make any objection, claim of privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition as permitted by the Federal Rules of Civil Procedure. Nothing in this Order shall constitute an admission or waiver of any claim or defense by any party.

11. Within sixty (60) days after the termination of this Lawsuit, including any and all appeals, all Confidential Information, and all copies thereof shall be assembled and returned to the party that produced it or otherwise it shall be destroyed and a certification of destruction shall be provided to the party which produced it upon request.

12. Third parties from whom discovery is sought in this Lawsuit may utilize this Order to protect Confidential Information produced by them if they notify all parties of their intent to do so and agree to be bound by the terms of this Order and jurisdiction of this Court to enforce this Order.

13. This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. *See* Local Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

14. Whenever a motion or stipulation to seal is filed, the party seeking to file under seal shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted via the link located under the "Utilities" section of CM/ECF.

15. This Order may be modified, amended or vacated by further order of the Court upon the motion of any party for good cause shown.

16. This Order will survive the termination of this litigation between the parties to the extent necessary to affect the provisions hereof.

**IT IS SO ORDERED.**


                                         S/Robert H. Cleland
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: October 26, 2018


I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 26, 2018, by electronic and/or ordinary mail.

                                         S/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (810) 292-6522