UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARS ADVERTISING, INC.
d/b/a THE MARS AGENCY,
a Michigan Corporation,

  Plaintiff,

v.

SUZANNA BIERWIRTH and
BRAD C. SIMPSON,

  Defendants.

Case No. 3:18-cv-12986-RHC-MKM

Judge Robert H. Cleland
Magistrate Judge Mona K. Majzoub

## STIPULATED PERMANENT INJUNCTION

This matter has come before the Court on the Amended Complaint of Plaintiff, Mars Advertising, Inc. d/b/a The Mars Agency ("Plaintiff" or "Mars") and the Stipulated TRO as to Bierwirth (ECF No. 31) and the Preliminary Injunction (ECF No. 34 entered in this matter), and the various filings of Plaintiff and the Defendants, Suzanna Bierwirth ("Bierwirth") and Brad C. Simpson ("Simpson") (collectively, "Defendants"), and upon the stipulation of the parties hereto and of Third-Party Deponent Advantage Sales & Marketing LLC, with its parent companies, subsidiaries and affiliates, including, but not limited to, Upshot

LLC ("Advantage"), all choosing freely to resolve this matter along the lines set forth herein after consultation with counsel of their own choice:

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendant Suzanna Bierwirth ("Bierwirth") is allowed to continue employment with Upshot, but is hereby enjoined from the date of this Order up to and including August 10, 2019 from:

a) Directly or indirectly providing any services to Edge Marketing or IN Connected Marketing;

b) Directly or indirectly providing services to/for the following brand categories:

      i. Craft beer
      ii. Import beer (with the exception of the Constellation Mexico portfolio)
      iii. Wine and spirits (with the exception of Constellation Wines)
      iv. Regional specialty grocer
      v. Enterprise solutions (with the exception of Google)
      vi. Health, beauty, OTC
      vii. Vitamins, minerals & supplements
      viii. Beauty, Household needs, Baby
      ix. Frozen pizzas, appetizers and desserts
      x. Houseware cooking brands
      xi. Candy & Confections
      xii. Pet treats

c) Directly or indirectly providing shopper marketing services for Upshot and/or any of its clients, or for any other entity that competes with Mars;

d) Directly or indirectly soliciting any customer or known or recognized potential customer of Mars;

e) Directly or indirectly encouraging, inducing or otherwise soliciting any Mars employee to leave Mars' employment; and

f) Directly or indirectly making any public statements or communications that are disparaging to Mars, its present or past owners, officers, managers, directors or employees.

**IT IS FURTHER ORDERED THAT:**

2. Bierwirth and Advantage shall cooperate with reasonable, periodic inquiries from Mars to monitor the above directives.

3. Defendants, Bierwirth and Simpson, and anyone acting in concert or participation with them are hereby enjoined from using, disclosing, copying, transferring, publishing, or disseminating any of Plaintiff's confidential, proprietary and trade secret information, which, for purposes of this Order, shall be comprised of pricing and cost data, financial records, business plans, strategy documents, pitch information, salary information, marketing plans, historical information, organizational charts, strategic assessments, Mars's go-to-market ideas and information, pricing information, financial or other data, e-mail and other correspondence, or any other confidential or proprietary information, including, but not limited to, business, pricing, and management methods and information,

finances, strategies, systems, research, plans, reports, recommendations and conclusions, industry comparative analyses, information relating to any persons who have business relationships with Plaintiff, or any matter or thing obtained or ascertained by Bierwirth and/or Simpson from Plaintiff, and which is not generally available to the public (the "Confidential Information").

4. The Court's November 2, 2018 Preliminary Injunction (ECF #34) is hereby incorporated into this Injunction and Defendants shall cooperate promptly with Mars at each step to execute upon the remediation protocols adopted pursuant thereto as necessary to accomplish compliance therewith.

5. Advantage shall provide sworn assurances acceptable to Mars that neither Advantage nor any of its subsidiaries or affiliated entities have any Mars Confidential Information on their computer systems or otherwise.

6. This Court shall retain jurisdiction to enforce the terms of this Stipulated Permanent Injunction.

7. The Clerk is instructed administratively to close this case following entry of this Stipulated Permanent Injunction. Mars, Defendants and Advantage agree that any breach or violation of this Stipulated Permanent Injunction shall constitute good and conclusive cause to reopen this case.

*SEE ADDENDUM -RHC*

1 March 2019
Date

_____
United States District Judge

4

**SO STIPULATED:**

Dated: February 28, 2019

s/ Paul A. Wilhelm
Paul A. Wilhelm (P69163)
Robert N. Dare (P79207)
CLARK HILL PLC
500 Woodward Avenue, Ste. 3500
Detroit, MI 48226
(313) 309-4269/ (313) 965-8300
pwilhelm@clarkhill.com
rdare@clarkhill.com
*Attorneys for Plaintiff*

s/ Thomas R. Warnicke *(with consent)*
Thomas R. Warnicke (P47148)
Law Offices of Thomas R. Warnicke, PLLC
16291 W. 14 Mile Rd., Suite 21
Beverly Hills, MI 48025
(248) 930-4411
tom@warnickelaw.com
*Attorneys for Defendants*

Bruce A. Larson (Cal. Bar #244344)
Advantage Sales & Marketing LLC
18100 Von Karman Ave., Ste. 1000
Irvine, CA 92612-7196
949.214.2560
bruce.larson@advantagesolutions.net
*Attorneys for Advantage*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARS ADVERTISING, INC.,

    Plaintiff,

v.    Case No. 18-12986

SUZANNA BIERWIRTH and
BRAD C. SIMPSON,

    Defendants.
_____/

## ADDENDUM

Pursuant to the court's on-the-record discussion with counsel on March 1, 2019, the parties' Stipulated Permanent Injunction is amended and supplemented as follows:

6.    This court shall retain jurisdiction to enforce the terms of this Stipulated Permanent Injunction for ONE YEAR from today to consider allegations of breach.

7.    This case is DISMISSED PURSUANT TO AND CONSISTENT WITH the terms of the Stipulated Permanent Injunction, SUBJECT TO RE-OPENING in the event of any breach or violation of the Stipulated Permanent Injunction.

8.    The terms of the Stipulated Permanent Injunction survive dismissal of the case.

s/Robert H. Cleland    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 1, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 1, 2019, by electronic and/or ordinary mail.

                                                                         s/Lisa Wagner      /
                                                                          Case Manager and Deputy Clerk
                                                                          (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-12986.MARS.Addendum.docx